RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08/10/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| VINCENT C. YOUNG, SR. | CIVIL ACTION NO. 05-1088-M |
| VS. | SECTION P |
| WARDEN, WINN CORRECTIONS CENTER | JUDGE JAMES<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on June 14, 2005 by petitioner Vincent C. Young, Sr. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana where he is serving a fifty year sentence imposed following his 1994 conviction for attempted murder in Louisiana's Fifth Judicial District Court, Winnsboro, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition [Doc. 1], its accompanying memorandum and exhibits [Doc. 5], along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following:

1. On December 7, 1994, petitioner was convicted of attempted second degree murder following trial by jury in the Fifth Judicial District Court, Franklin Parish, Louisiana. On January 24, 1995, he was sentenced to serve fifty years at hard labor. [Doc. 5, Memorandum, p. 1]

2. Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. [Doc. 1, paragraph 9] On April 3, 1996, his conviction and sentence were affirmed in an unpublished opinion. *State v. Young*, 670 So.2d 808 (La. App. 2d Cir. 4/3/1996)(unpublished).

3. Petitioner did not seek further direct review in the Louisiana Supreme Court.[1]

4. On November 7, 2003 petitioner filed an Application for *Habeas Corpus* in the state district court raising a single claim – that his custody was illegal because the trial transcript revealed that only seven of the polled jurors indicated that their verdict was "guilty." [Doc. 5, Memorandum, p. 2]

5. On November 21, 2003, the court convened a hearing and relief was denied. [*id.*; see also Doc. 5 Exhibit B]

6. On January 16, 2004, petitioner sought review in the Second Circuit Court of Appeals. On January 29, 2004 his application was denied. [*id.*]

7. On July 14, 2004 petitioner filed an Application for Writ of *Certiorari* in the Louisiana Supreme Court. [*id.*] Writs were denied on May 13, 2005. See *State ex rel. Vincent Young, Sr. v. State of Louisiana*, 2004-2007 (La. 5/13/2005), 902 So.2d 1009.

8. Petitioner signed his federal *habeas* petition on June 10, 2005. His cover letter was dated June 13, 2005. His petition was received and filed in this court on June 14, 2005. Petitioner argues that the transcript of the polling of the jurors at the conclusion of his trial reveals that only seven of the juror's verdicts were audible.

---

[1] This fact is confirmed by the absence of a writ denial or other evidence in the published jurisprudence of the State of Louisiana.

## LAW AND ANALYSIS

1. Timeliness of the Petition – 28 U.S.C. §2244(d)(1)(A), (B), and (C)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

---

[2] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (C) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. However, he does imply that the factual predicate of his claim was only recently discovered; therefore, a discussion of the timeliness of his claim under §2244(d)(1)(D) follows Part 1.

4

4

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. As shown above, petitioner's conviction and sentence were affirmed on direct appeal on April 3, 1996. *State v. Young*, 670 So.2d 808 (La. App. 2d Cir. 4/3/96). Petitioner had a period of thirty days within which to seek further direct review in Louisiana's Supreme Court. [See Louisiana Supreme Court Rule X §5(a)] He did not seek further direct review, therefore, petitioner's judgment of conviction and sentence became final for AEDPA purposes on May 3, 1996, when the thirty day period for filing his writ application in the Louisiana Supreme Court expired. Since petitioner's judgment of conviction became final after the effective date of the AEDPA, he had one year from May 3, 1996 (or until May 3, 1997) to file his federal *habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) because he did not file a post-conviction proceeding in the state courts until November 7, 2003, and by that time, the limitations period had already expired and could not be revived. See *Villegas*, 184 F.3d 467.

2. Timeliness under 28 U.S.C. §2244(d)(1)(D)

Petitioner contends that he was unaware of the facts supporting his claim until August, 2002 when the transcript of the jury's verdict was provided to him. [Doc. 5, Memorandum, p. 5] He thus implies that the timeliness of his *habeas* petition should be reckoned in accordance with the provisions of 28 U.S.C. § 2244(d)(1)(D) which provides that the one-year limitations period may be reckoned from "...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence..."

If petitioner discovered the factual basis of his claim in August, 2002, he then had one year, or until August, 2003 to file his federal *habeas* petition. Again, he cannot rely on the

statutory tolling provisions because by his own admission, he did not file a post-conviction pleading in the state court until November, 2003, and by that time, the limitations period, even if reckoned pursuant to §2244(d)(1)(D) had expired.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____August_____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE